UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MONICA E. GALVAN JACINTO, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:24-cv-00084-LCB-SGC |
| KIMBERLY NEELY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on June 3, 2024, recommending the court deny the petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 by Monica E. Galvan Jacinto to the extent the petition seeks application of First Step Act ("FSA") time credits toward the petitioner's time in prerelease custody or supervised release and dismiss the petition to the extent the petition seeks recission of the petitioner's final removal order. (Doc. 8). The petitioner filed timely objections to the report and recommendation. (Doc. 9).[1]

The petitioner first seems to suggest that, notwithstanding her final administrative order of removal, she is eligible to receive the benefit of FSA time

---

[1] The petitioner styled the submission as a "Motion to Amend – Right to Object." (Doc. 9). She seeks amendment insofar as she asks that the record include, and the court review, an exhibit attached to the submission. (Doc. 9 at 4-5). The court has reviewed the record in considering the petitioner's objections.

credits because she has applied for asylum. (Doc. 9 at 1-2). She cites no authority to support her suggestion, and the court is aware of none.

The petitioner next seems to suggest the final administrative order of removal is invalid because it was not issued by an immigration judge. (Doc. 9 at 1). Federal law allows the U.S. Department of Homeland Security to order an alien convicted of an aggravated felony removed. 8 U.S.C. § 1228(b). That is what happened in the petitioner's case. (Doc. 6-4). Moreover, as the magistrate judge explained to the petitioner, the exclusive means for an alien to obtain review of a final order of removal is a petition for review filed in the appropriate court of appeals. A district court lacks subject matter jurisdiction to conduct such a review. 8 U.S.C. § 1252(a)(5) and (b)(9); *Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1205-06 (11th Cir. 2006); *Ivantchouk v. U.S. Att'y Gen.*, 417 F. App'x 918, 920-21 (11th Cir. 2011); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011).

After careful consideration of the record in this case, including the magistrate judge's report and the petitioner's objections, the court **OVERRULES** the objections (Doc. 9), **ADOPTS** the report (Doc. 8), and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will **DENY** the pending petition to the extent it seeks application of FSA time credits toward the petitioner's time in prerelease custody or supervised release and **DISMISS** the

petition to the extent it seeks recission of the petitioner's final removal order. A final judgment will be entered.

    **DONE** and **ORDERED** July 16, 2024.

                                                **LILES C. BURKE**
                                                UNITED STATES DISTRICT JUDGE